UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

MAVIS CALDWELL,

    Plaintiff,

v.

BANK OF AMERICA, N.A.,

    Defendant.

2:19-cv-00077

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f) OF THE
FEDERAL RULES OF CIVIL PROCEDURE**

Pursuant to Fed. R. Civ. P. 26(f) and this Court's Order for Conference and Disclosure of Interested Parties (Dkt. #5), the parties submit the following Joint Discovery/Case Management Plan Under 26(f) of the Federal Rules of Civil Procedure.

**1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party:**

The parties met and conferred on May 13, 2019. Attorney Nathan C. Volheim represented the Plaintiff and attorney Matthew D. Durham represented the Defendant. The parties conferred from their counsel's respective offices via telephone. Additionally, the parties have been having on-going exchanges covering the topics under FRCP 26(f).

**2. List the cases related to this one that are pending in any state of federal court with the case number and the court:**

None.

**3. Briefly describe what this case is about:**

**Plaintiff's Position:** Plaintiff brings Count I of her complaint alleging violations of the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C §227 *et seq.* for Defendant

causing her cellular phone to ring without permission through means of an automated telephone dialing system ("ATDS") as defined by the TCPA. Plaintiff alleges that any consent she *may* have given a party of interest was specifically revoked. Count II of Plaintiff's complaint alleges that Defendant's calls were for the purpose of seeking payment and violated the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. §392.001 *et seq*.

**Defendant's Position:** As discovery has yet to commence, Bank of America, N.A. cannot provide the Court with a complete factual background of the case as it relates specifically to Plaintiff. Upon information and belief, Bank of America denies that it violated the TCPA and the TDCA. Bank of America did not violate the TCPA for numerous reasons, primarily because the calls were not dialed using an ATDS. Further, under the terms of the agreement governing the account, Plaintiff granted Bank of America the right to call the telephone number to discuss the account, including for purposes of seeking collection of past due amounts. Plaintiff's TCPA claim thus fails as a matter of law.

The Plaintiff's TDCA claim fails for the same reasons her TCPA claim fails. In addition, based upon information and belief, Bank of America specifically denies it caused Plaintiff's cellular telephone to ring with the intent to harass Plaintiff. Bank of America will also show that it did not cause any of the damages alleged by Plaintiff.

These statements are made based on the facts known by Bank of America at this time. Bank of America makes these statements without waiving any defense and reserves the right to supplement this statement as the facts are developed.

4. **Specify the allegations of federal jurisdiction:**

Federal question jurisdiction is based on the TCPA pursuant to 28 U.S.C. §§1331 and 1337. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

**5.     List anticipated additional parties that should be included, when they can be added, and by whom they are wanted:**

None at this time.

**6.     List anticipated interventions:**

None.

**7.     Describe class action issues:**

Plaintiff does not allege class allegations at this time.

**8.     State whether or not each party represents that it has made the initial disclosures required by Rule 26(a).  If not, describe the arrangements that have been made to complete disclosures:**

Neither party has yet made 26(a)(1) disclosures as of yet.  The parties will make such disclosures by June 4, 2019.

**9.     Describe the proposed agreed discovery plan, including:**

a. Responses to all the matters raised in Rule 26(f):  June 4, 2019.

b. When and to whom the plaintiff anticipates it may send interrogatories:  By July 15 15, 2019 Plaintiff will send interrogatories to Defendant.

c. When and to whom the defendant anticipates it may send interrogatories:  By July 15, 2019 Defendant will send interrogatories to Plaintiff.

d. Of whom and by when the plaintiff anticipates taking oral depositions:  By December 28, 2019 Plaintiff anticipates taking the Rule 30(b)(6) deposition of Defendant.

e. Of whom and by when the defendant anticipates taking oral depositions:  By December 28, 2019 Defendant anticipates taking the deposition of Plaintiff.

f. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports:  By September 15,

2019, Plaintiff will make disclosures and provide a report under Rule 26(a)(2)(B). By September 29, 2019 Defendant will make disclosure and provide a report under Rule 26(a)(2)(B).

 g. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report): By December 28, 2019 Plaintiff anticipates taking any expert depositions.

 h. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report): By December 28, 2019 Defendant anticipates taking any expert depositions.

**10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party:**

 N/A.

**11. Specify the discovery beyond initial disclosures that has been undertaken to date:**

 None.

**12. State the date the planned discovery can reasonably be completed:**

 The parties anticipate completing all discovery by December 28, 2019.

**13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting:**

 Plaintiff is in favor of early resolution and has recently tendered a settlement demand to Defendant. The parties have engaged in and are continuing open dialogue about the merits of Plaintiff's allegations.

**14. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge:**

 The parties do not sent to trial before a magistrate judge.

**15. State whether a jury demand has been made and if it was made on time:**

 Plaintiff made a timely jury demand in her complaint.

**16.    Specify the number of hours it will take to present the evidence in this case:**

The parties do not anticipate any trial lasting beyond two days or 16 hours.

**17.    List pending motions that could be ruled on at the initial pretrial and scheduling conference:**

None.

**18.    List other motions pending:**

None.

**19.    Indicate other matter peculiar to this case, including discovery, that deserve the special attention of the Court at the conference:**

None.

**20.    Certify that all parties have filed Disclosures of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments:**

Plaintiff's counsel certifies that on March 22, 2019 he caused to be filed Plaintiff's Certificate of Interested Parties which has not been amended.  Defendant will file its Certificate of Interested Parties on or before May 24, 2019.

**21.    List the names, bar numbers, addresses and telephone number of all counsel:**

**Nathan Charles Volheim, #6302103** (Lead Attorney)
**Taxiarchis Hatzidimitriadis, #6309225**
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 50148
Phone: 630-575-8181
Fax: 630-575-8188
Email: nvolheim@sulaimanlaw.com
Email: thatz@sulaimanlaw.com

**Matthew D. Durham**, SBN:  24040226
mdurham@mcguirewoods.com
**MCGUIREWOODS LLP**
2000 McKinney Avenue, Suite 1400
Dallas, Texas 75201
Telephone:     214.932.6400
Facsimile:     214.932.6499

Dated: May 20, 2019

s/ Nathan Volheim
Nathan C. Volheim, #3098183 (SDTX)
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
Phone: (630) 568-3056
Facsimile: (630) 575-8188
Email: nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*